# UNITED STATES OF AMERICA
## DISTRICT OF MASSACHUSETTS

**04 - 12590 DPW**

CIVIL ACTION No.:

WOOD DEVELOPMENT, LLP,
    Plaintiff,

MAGISTRATE JUDGE _____

v.

PHILADELPHIA INDEMNITY INSURANCE CO.,
    Defendant,

### COMPLAINT

**I.  JURISDICTION – APPLICABLE TO ALL COUNTS**

Jurisdiction is based upon 28 U. S. C. §1332. This matter is between citizens of different states and the amount in controversy is in excess of $75,000.00

**II.  PARTIES – APPLICABLE TO ALL COUNTS**

1. Wood Development, LLP (hereinafter referred to as "Wood") is a limited liability partnership incorporated and organized pursuant to M. G. L. c. 109 with a principle place of business at 13 Horseneck Road, South Dartmouth, MA 02748.

2. Philadelphia Indemnity Insurance Co. (hereinafter referred to as "Philadelphia") is a company engaged in the business of insurance. It is organized under the laws of the Commonwealth of Pennsylvania with a principle place of business at 1 Bale Plaza, Suite 100, Bala Cynwyd, PA.

**III.  ALLEGATIONS – APPLICABLE TO ALL COUNTS**

3. In 2003 and 2004, Wood was the owner of 45 North Main Street in Fall River, MA.

4. 45 North Main Street, Fall River, MA is a site consisting of 28,067 square feet. The parcel of land is an assemblage of 5 different parcels with frontage on four different streets. The parcel of land contains five, three and one story brick office buildings. In 2003 and 2004 the buildings were occupied by 11 different commercial tenants.

5. Philadelphia issued a Policy, No. PHI-PHPK052406, effective June 10, 2003 through June 10, 2004 to Martin Woods acting as the General Partner for Wood Development, LLP and insuring 45 North Main Street, Fall River, MA, covering Wood against, among other risks, direct physical loss to property (hereinafter referred to as "the Policy").

6. On January 9, 2004, Wood discovered that there had been a freeze-up in a portion of 45 North Main Street which had been leased to Wilson Credit Services, LLC (hereinafter referred to as "Wilson"). The freeze-up had occurred sometime between January 1, 2004, soon after the property had been inspected by Wood, and January 9, 2004 when the loss was discovered by Wood.

7. The freeze-up caused approximately $175,000.00 in property damage to 45 North Main Street.

8. The freeze-up has caused Wood to be deprived of the rental value of the damaged space for more than eleven (11) months, as of this date. The fair rental value of the damaged property was $7,778.50 a month, and as a result, Wood has suffered a loss of rental revenue to date in excess of $85,563.50.

9. The damage to the insured property, including the costs for repairs and the loss of rental value, is a covered loss pursuant to the Policy.

10. Notice of the claim was made by Wood to Philadelphia on or about January 9, 2004.

11. Philadelphia unreasonably failed to pay the claim as presented by Wood.

12. On May 3, 2004 a demand letter pursuant to M. G. L. c. 93A was sent by Wood to Philadelphia (attached and incorporated hereto as Exhibit A).

13. Philadelphia denied the claim in a letter dated April 30, 2004 but received by Wood on or about May 5, 2004, after the letter referred to as Exhibit A was sent.

14. On or about June 8, 2004, Philadelphia responded to the 93A Demand letter of May 3, 2004 by repeating its denial of the claim and making no offer of settlement.

15. On October 15, 2004, Wood made a demand for reference pursuant to M. G. L. c. 175 §99 et seq.

16. On October 25, 2004, Philadelphia informed Wood that it would waive the "Appraisal" requirement of the policy, as a condition precedent to filing a lawsuit, and would agree to resolve the loss dispute and the liability issue in a single lawsuit in order to avoid the expense to both parties of engaging both in reference/appraisal and in litigation.

## COUNT I – CONTRACT

17. Philadelphia is required by the Policy to pay Wood for the damages outlined above and has refused to pay despite demand.

### COUNT II – M. G. L. c. 93A

18. Both Wood and Philadelphia are engaged in trade or commerce in the Commonwealth of Massachusetts.

19. The acts of Philadelphia, as outlined above and as outlined in Exhibit A, constitute unfair and deceptive trade acts or practices pursuant to M. G. L. c. 93A.

20. Philadelphia has failed to respond to a valid M. G. L. c. 93A demand letter by making a reasonable offer of settlement.

21. Wood has suffered losses, as set out above, as a result of the unfair and deceptive trade practices of Philadelphia.

WHEREFORE: The Plaintiff moves this Court to:

1. Enter Judgment against Philadelphia Indemnity Insurance Co. in an amount sufficient to fairly and justly compensate Wood Development, LLP.

2. To award costs and attorney's fees.

3. To award treble damages.

Respectfully submitted,
By my attorney,

Robert C. Tommasino, Esq.
MA BBO# 499980
Michael W. Reilly, Esq.
MA BBO# 415900
Tommasino & Tommasino
2 Center Plaza
Boston, MA  02108
(617) 723-1720

JURY DEMAND: Now comes the Plaintiff and demands a jury trial on all counts.

Robert C. Tommasino, Esq.
Michael W. Reilly, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Wood Development, LLP v. Philadelphia Indemnity Insurance Co.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
            *Also complete AO 120 or AO 121
            for patent, trademark or copyright cases

    ☒  III. (110) 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

    ☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐  NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐  NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☐  NO ☒

    A. If yes, in which division do all of the non-governmental parties reside?
    Eastern Division ☐   Central Division ☐   Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
    Eastern Division ☒   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    N/A   YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Michael W. Reilly, Esq.
ADDRESS  Tommasino & Tommasino, 2 Center Plaza, Boston, MA  02108
TELEPHONE NO.  617-723-1720     fax: 617-557-5677

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Wood Developement, LLP

## DEFENDANTS
Philadelphia Indemnity Insurance Co.

(b) County of Residence of First Listed Plaintiff: **Bristol, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Allegheny, PA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael W. Reilly, Esq. (617) 723-1720
Tommasino & Tommasino
2 Center Plaza, Boston, MA 02108

Attorneys (If Known)

Stamp: 04-12590-DPW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | **PERSONAL INJURY** | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 362 Personal Injury— Med. Malpractice | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] Medicare Act | [ ] 365 Personal Injury — Product Liability | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 320 Assault, Libel & Slander | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 340 Marine | [ ] 690 Other | | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIW C/DIW W (405(g)) | [ ] 894 Energy Allocation Act |
| | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 950 Constitutionality of State Statutes |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. section 1332

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ **$260,000.00**

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____